UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK SLOAN,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, et al.,<br><br>    Defendants. | Case No. 22-cv-00903-JST<br><br>**ORDER VACATING HEARINGS; ORDER TO SHOW CAUSE WHY CASES SHOULD NOT BE CONSOLIDATED AND STAYED**<br><br>Re: ECF No. 18 |
| HUGHES GERVAT,<br><br>    Plaintiff,<br><br>v.<br><br>MARK ZUCKERBERG, et al.,<br><br>    Defendants. | Case No. 22-cv-01206-JST<br><br>Re: ECF No. 7 |

Plaintiffs Mark Sloan and Hughes Gervat have filed shareholder derivative suits against Meta Platforms, Inc., formerly known as Facebook, Inc. They agree, as do Defendants, that their cases should be consolidated. *Sloan* ECF No. 15 at 3-4. They further agree that their allegations "overlap substantially" with the allegations in a securities class action that is also before this Court, *Ohio Public Employees Retirement System v. Meta Platforms, Inc.*, Case No. 21-cv-08812-JST. *Id.* at 3.

Proposed Intervenors Employees' Retirement System of the State of Rhode Island, St. Paul Electrical Construction Pension Plan, St. Paul Electrical Construction Workers Supplemental Pension Plan, and Retirement Medical Funding Plan for the St. Paul Electrical Workers have moved to intervene and stay these cases until after they have completed their investigation of Facebook's books and records under Section 220 of the Delaware General Corporation Law.

*Sloan* ECF No. 18; *Gervat* ECF No. 7. Plaintiffs oppose Proposed Intervenors' motion. *Sloan* ECF No. 36; *Gervat* ECF No. 28. Defendants take no position on the motion to intervene but support a broader stay of these derivative actions pending the securities class action. *Sloan* ECF No. 37; *Gervat* ECF No. 30.

Although no party has moved for such a stay, the Court orders the parties to show cause as to why this case should not be stayed at least until after the Court has resolved any challenges to the complaint in the securities class action. "Courts generally stay a shareholder derivative suit until the culmination of a securities class action when the cases arise from the same factual allegations and the evidence in the former could jeopardize the company's defense in the latter." *In re STEC, Inc. Derivative Litig.*, No. CV 10-00667-JVS (MLGx), 2012 WL 8978155, at *4 (C.D. Cal. Jan. 11, 2012); *see also, e.g.*, *In re RH S'holder Derivative Litig.*, No. 18-cv-02452-YGR, 2019 WL 580668, at *4 (N.D. Cal. Jan. 23, 2019) (following *In re STEC*). Such a stay would include delaying consideration of the pending motions to intervene.

Proposed Intervenors may, but are not required to, state their position regarding this proposed stay. Proposed Intervenors are also invited to respond to the parties' stipulation to consolidate these two cases for all purposes.

Within 28 days of the date of this order, the parties and Proposed Intervenors shall file a single document containing either their agreed positions or their separate positions (or in the case of Proposed Intervenors, a statement that they take no position on either the stay or whether the cases should be consolidated). The matter will then be taken under submission without oral argument, unless otherwise ordered.

The May 19, 2022 hearings on Proposed Intervenors' motions to intervene are vacated. *See* Fed. R. Civ. P. 78(b); Civil L.R. 7-1(b). The June 14, 2022 initial case management conferences are also vacated.

**IT IS SO ORDERED.**

Dated: May 2, 2022

JON S. TIGAR
United States District Judge