Neal A. Potischman (SBN 254862)
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, California 94025
Telephone: (650) 752-2000
Facsimile: (650) 752-2111
Email: neal.potischman@davispolk.com

James P. Rouhandeh
Charles S. Duggan
(admitted pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: james.rouhandeh@davispolk.com
 charles.duggan@davispolk.com

*Counsel for Defendants Mark Zuckerberg, David M. Wehner, Nick Clegg, Peggy Alford, Marc L. Andreessen, Erskine B. Bowles, Susan D. Desmond-Hellmann, Reed Hastings, Andrew W. Houston, Nancy Killefer, Robert M. Kimmitt, Sheryl K. Sandberg, Peter Thiel, and Tracey T. Travis and Nominal Defendant Meta Platforms, Inc.*

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE META PLATFORMS, INC. DERIVATIVE LITIGATION | Lead Case No. 3:22-cv-00903-AMO<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties to the above-captioned action jointly submit this Joint Case Management Statement pursuant to the Order reassigning this Action to the Honorable Araceli Martínez-Olguín, dated May 10, 2023 (ECF No. 47), the Standing Order for All Judges of the Northern District of California, dated January 17, 2023, and Civil Local Rule 16-9.

1. **JURISDICTION & SERVICE**

Plaintiff Hugues Gervat[1] ("Plaintiff") sues derivatively and on behalf of Nominal Defendant Meta Platforms, Inc. ("Meta" or the "Company"), in this shareholder derivative action (the "Derivative Action") for breaches of fiduciary duties, unjust enrichment, abuse of control, gross mismanagement, waste of corporate assets, and violations of Sections 10(b), 14(a), 20(a), and 21D of the Securities Exchange Act of 1934 (the "Exchange Act"). The Derivative Action was commenced on February 14, 2022.

It is Plaintiff's position that the Court has jurisdiction over the subject matter of the Action under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. §§ 1331, 1367.

Defendants believe that venue is not proper based on the exclusive forum clause (the "FSC") in Meta's certificate of incorporation, which requires derivative actions, like this one, to be brought in the Delaware Court of Chancery. A motion to dismiss based on *forum non conveniens* would not be untimely because, as explained below in Section 4, the action has been stayed and the deadline for Defendants to respond to the operative complaint in the Derivative Action has not passed. Plaintiff believes that the FSC does not require a derivative case, such as this Derivative Action, to be filed in the Delaware Court of Chancery because the Delaware Court of Chancery lacks subject matter jurisdiction over Plaintiffs' four Exchange Act claims. Plaintiff also believes that it would be improper for Defendants to move to dismiss on the grounds that venue is improper given that the Derivative Action was filed almost a year and a half ago without Defendants making such a motion; that the Derivative Action is stayed is not a good or equitable reason for avoiding to timely move to dismiss on venue grounds given that Defendants requested that the Derivative Action be stayed in their response to the motion to

---

[1] As explained in Section 4.B below, former plaintiff Mark Sloan voluntarily dismissed his claims on June 27, 2022.

intervene (described below).

The Parties do not dispute that the Court has personal jurisdiction over each Defendant. Defendants Mark Zuckerberg, David M. Wehner, Nick Clegg, Peggy Alford, Marc L. Andreessen, Erskine B. Bowles, Susan D. Desmond-Hellmann, Reed Hastings, Andrew W. Houston, Nancy Killefer, Robert M. Kimmitt, Sheryl K. Sandberg, Peter Thiel, and Tracey T. Travis (collectively, the "Individual Defendants," and together with Meta, "Defendants") have accepted service of the complaints filed in the Derivative Action. ECF No. 15.

## 2. FACTS

This is a putative shareholder derivative action brought by Plaintiff, derivatively and on behalf of Meta. Plaintiff alleges that the Individual Defendants breached their fiduciary duty by causing or allowing Meta to engage in what Plaintiff alleges as "Platform Content Misconduct," which allegedly included facilitating criminal activity, causing harm to users, unequally applying content moderation policies, and targeting children despite knowing the harm the Company's products posed to them. Plaintiff also alleges that the Individual Defendants breached their fiduciary duty by making or causing Meta to make false or misleading statements or omissions that failed to disclose, *inter alia*, that: (i) Meta was engaged in the "Platform Content Misconduct"; (ii) despite knowing of the Platform Content Misconduct, the Company was not engaged in meaningful efforts to remediate it; (iii) the Company was disclosing user metrics which it knew were inflated by duplicate and fake accounts; and (iv) the Company failed to maintain internal controls ("Misrepresentations"). Plaintiff also asserts claims against Defendants Zuckerberg, Alford, Andreessen, Bowles, Desmond-Hellmann, Hastings, Houston, Killefer, Kimmitt, Sandberg, Thiel, and Travis for violations of Section 14(a) of the Exchange Act, and against Defendants Zuckerberg, Wehner, and Clegg for contribution under Sections 10(b) and 21D of the Exchange Act, arising from the same allegations.

Plaintiff makes unique claims that Meta repurchased its own stock at artificially inflated prices, damaging Meta by over $1.4 billion for the amount that it overpaid due to alleged false and misleading statements and omissions in violation of Sections 10(b) and 20(a) of the Exchange Act and in breach of their fiduciary duties to the Company.

1    Plaintiff's factual allegations based on the Misrepresentations are similar to the allegations in a related securities class action captioned, *In re Meta Platforms, Inc. Securities Litigation*, No. 21-cv-08812 (N.D. Cal.) (the "Securities Class Action").  Defendants in that action have moved to dismiss the action, and that motion is fully briefed.

Other allegations made in the Derivative Action are similar to allegations in a class action against the Company in the Superior Court of the State of California for the County of San Mateo brought by a Rohingya Muslim refugee seeking damages in excess of $150 billion related to the Company's facilitation of anti-Rohingya hate speech campaigns that led to extreme violence against Rohingya people in Myanmar.  This class action was removed to the federal District Court for the Northern District of California, which dismissed the action in December 2022, with leave to amend.  *See Doe v. Meta Platforms, Inc., et al.*, No. 4:22-cv-00051-YGR (N.D. Cal. Dec. 14, 2022) (Order) (ECF No. 55).  Subsequently, an amended complaint was filed in this class action on March 14, 2023 (ECF No. 68), which defendants have moved to dismiss.

Defendants deny Plaintiff's allegations and intend to move to dismiss them at an appropriate time.

**3.    LEGAL ISSUES**

Plaintiff asserts claims based on alleged breaches of fiduciary duties, and alleged violations of the federal securities laws by Meta's Board and senior officers.  The core legal issues in this Action include (i) whether the Individual Defendants breached their fiduciary duties to the Company by causing or allowing Meta to engage in the Platform Content Misconduct; (ii) whether the Individual Defendants breached their fiduciary duties to the Company by making and/or causing Meta to make the Misrepresentations; (iii) whether the Individual Defendants are liable under Section 10(b) of the Exchange Act in connection with the Misrepresentations with the intent to deceive Meta; (iv) whether the Individual Defendants are liable under the control person provision of Section 20(a) of the Exchange Act; (v) whether Individual Defendants Zuckerberg, Alford, Andreessen, Bowles, Desmond-Hellmann, Hastings, Houston, Killefer, Kimmitt, Sandberg, Thiel, and Travis are liable under Section 14(a) of the Exchange Act in connection with making materially false or misleading statements or omissions

in and by means of Meta's proxy statements; (vi) whether Individual Defendants Zuckerberg, Wehner, and Clegg are liable for contribution under Sections 10(b) and 21D of the Exchange Act for liability in the Securities Class Action for deceiving Meta stockholders; (vii) whether Plaintiff is entitled to the relief sought in the Derivative Action, including damages; (viii) whether Plaintiff may maintain this derivative action on behalf of Meta and whether Plaintiff is an adequate representative of Meta under Federal Rule of Civil Procedure 23.1; and (ix) whether the action should be dismissed on the grounds of *forum non conveniens*.

4. **MOTIONS**

   A. **Prior Motions**

On March 7, 2022, the Parties filed a joint stipulation to (i) extend Defendants' deadline to respond to the operative complaint in the Derivative Action; (ii) consolidate the cases *Sloan v. Zuckerberg et al.*, No. 22-cv-00903 (N.D. Cal), and *Gervat v. Zuckerberg et al.*, No. 22-cv-01206 (N.D. Cal.); and (iii) appoint The Brown Law Firm, P.C. and the Rosen Law Firm, P.A. as Co-Lead Counsel to represent plaintiffs in the consolidated action. ECF No. 15.

On March 8, 2022, Proposed Intervenors Employees' Retirement System of the State of Rhode Island, Retirement Medical Funding Plan for the St. Paul Electrical Workers, St. Paul Electrical Construction Pension Plan, and St. Paul Electrical Construction Workers Supplemental Pension Plan (2014 Restatement) (the "Proposed Intervenors") filed a Motion to Intervene and Stay Proceedings. ECF No. 18.

On April 12, 2022, Mark Sloan and Hugues Gervat filed their Opposition to the Proposed Intervenors' Motion to Intervene and Stay Proceedings. ECF No. 36.

On April 12, 2022, Defendants filed their Response to the Proposed Intervenors' Motion to Intervene and Stay Proceedings. ECF No. 37.

On April 19, 2022, the Proposed Intervenors filed their Reply in Further Support of their Motion to Intervene and Stay Proceedings. ECF No. 41.

On May 2, 2022, the Court issued an Order to Show Cause Why the Cases Should Not be

Consolidated and Stayed (the "Order to Show Cause").[2]  ECF No. 42.

On May 31, 2022, the Parties and Proposed Intervenors filed a Joint Response to the Order to Show Cause agreeing with the Court that the cases should be consolidated and stayed. ECF Nos. 43, 44.

On June 8, 2022, the Court issued an Order (i) consolidating *Sloan v. Zuckerberg et al.*, No. 22-cv-00903 (N.D. Cal), and *Gervat v. Zuckerberg et al.*, No. 22-cv-01206 (N.D. Cal.), under the caption, *In re Meta Platforms, Inc., Derivative Litigation*, No. 22-cv-00903 (N.D. Cal.); (ii) staying the consolidated action until the Court's resolution of any challenges to the complaint in the related Securities Class Action, or the defendants in that case indicate that they will not challenge the pleadings; (iii) denying the Proposed Intervenors' Motion to Intervene as moot; and (iv) denying the parties' March 7, 2022 stipulation regarding the deadline to respond to the operative complaint in the Derivative Action and appoint co-lead counsel for Plaintiffs, without prejudice to the parties renewing those requests once the stay is lifted.  ECF No. 45.

### B. Mark Sloan's Notice of Voluntary Dismissal Without Prejudice as to His Claims Only

On June 27, 2022, Plaintiff Mark Sloan voluntarily dismissed, without prejudice, his claims in the above-captioned action pursuant to Federal Rules of Civil Procedure 41(a) and 23.1(c).  ECF No. 46.

### C. Pending Motions

There are no motions currently pending in this litigation.

### D. Anticipated Motions

Once the stay pursuant to the Court's Order, ECF No. 45, expires, Plaintiff intends to move for the appointment of lead counsel, and Defendants intend to move to dismiss the operative complaint in the Derivative Action and any amended complaint.  The Parties believe that it is too early to determine whether they will file any additional motions.

---

[2] The cases referred to in the Order to Show Cause are *Sloan v. Zuckerberg et al.*, No. 22-cv-00903 (N.D. Cal) and *Gervat v. Zuckerberg et al.*, No. 22-cv-01206 (N.D. Cal.).

5.  **AMENDMENT OF PLEADINGS**

The Parties currently do not anticipate the addition of any new parties or claims but reserve their respective rights.

6.  **EVIDENCE PRESERVATION**

Discovery in this Action is stayed pursuant to ECF No. 45. The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.

Defendants believe that a continued stay of the action pursuant to ECF No. 45 is appropriate and that, at an appropriate time, the Parties will meet and confer regarding their efforts to preserve evidence relevant to the issues reasonably evident in this action. Defendants have taken reasonable steps to preserve relevant evidence and are not aware of any preservation issues at this time. Plaintiff believes that now is an appropriate time to meet and confer regarding reasonable and proportionate steps to preserve evidence relevant to the issues reasonably evident in this Derivative Action because the stay should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion.

7.  **DISCLOSURES**

As discovery in this Action is stayed pursuant to ECF No. 45, compliance with the initial disclosure requirements of Fed. R. Civ. P. 26(f) is not required until the Court has resolved any challenges to the operative complaint or any amended complaints in the related Securities Class Action. Defendants believe that a continued stay of the action and discovery pursuant to ECF No. 45 is appropriate. Plaintiff believes that now is an appropriate time for the Parties to comply with the initial disclosure requirements of Fed. R. Civ. P. 26(f), that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, and that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion.

8.  **DISCOVERY**

    A.  **Discovery Taken to Date**

As discovery in this Action is stayed pursuant to ECF No. 45, the Parties have not yet engaged in discovery. Defendants believe that a continued stay of the action and discovery

pursuant to ECF No. 45 is appropriate. Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of discovery in this Derivative Action.

### B. Scope of Anticipated Discovery

The Parties anticipate that discovery will address issues concerning liability, damages, and defenses.

### C. Proposed Limitations or Modifications to Discovery Rules

As discovery in this Action is stayed pursuant to ECF No. 45, the Parties have not yet discussed proposed limitations or modifications to the discovery rules. If necessary, the Parties will seek the Court's assistance in resolving any dispute about limitations or modifications to the discovery rules. Defendants believe that a continued stay of the action and discovery pursuant to ECF No. 45 is appropriate. Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of the Parties discussion of any proposed limitations or modifications to the discovery rules.

### D. E-discovery

As discovery in this Action is stayed pursuant to ECF No. 45, the Parties have not yet discussed a protocol governing the production of electronically stored information. If necessary, the Parties will seek the Court's assistance in resolving any e-discovery disputes. Defendants believe that a continued stay of the action and discovery pursuant to ECF No. 45 is appropriate. Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of the Parties discussion of a protocol governing the production of electronically stored information.

### E. Discovery Plan

As discovery in this Action is stayed pursuant to ECF No. 45, the Parties have not yet discussed a discovery plan. If necessary, the Parties will seek the Court's assistance in resolving any disputes about the discovery plan. Defendants believe that a continued stay of the action and discovery pursuant to ECF No. 45 is appropriate. Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of the Parties discussion of a complete discovery plan.

### F. Discovery Disputes

There are no discovery disputes at this time.

## 9. RELATED CASES

This Action has been found to be related to the following cases:

- *Sloan v. Zuckerberg*, No. 22-cv-00903 (N.D. Cal.). *See* ECF No. 31.
- *Gervat v. Zuckerberg*, No. 22-cv-01206 (N.D. Cal.). *See* ECF No. 31.
- *In re Meta Platforms, Inc. Securities Litigation*, No. 21-cv-08812 (N.D. Cal.). *See* ECF No. 31.

The Parties are not aware of any other cases that are "related" within the meaning of Civil Local Rule 3-12(a).

## 10. RELIEF

Through this action, Plaintiff seeks judgment as follows:

a) Declaring that Plaintiff may maintain this action on behalf of Meta, and that Plaintiff is an adequate representative of Meta;

b) Declaring that the Individual Defendants have breached and/or aided and abetted the breach of their fiduciary duties to Meta;

c) Determining and awarding to Meta the damages sustained by it as a result of the violations set forth above from each of the Individual Defendants, jointly and severally, together with pre-judgment and post-judgment interest thereon;

d) Directing Meta and the Individual Defendants to take all necessary actions to

        reform and improve its corporate governance and internal procedures to comply with applicable laws and to protect Meta and its shareholders from a repeat of the damaging events described herein, including, but not limited to, putting forward for shareholder vote the following resolutions for amendments to the Company's Bylaws and/or Certificate of Incorporation and the following actions as may be necessary to ensure proper corporate governance policies: (1) a proposal to strengthen the Board's supervision of operations and develop and implement procedures for greater shareholder input into the policies and guidelines of the Board; (2) a provision to permit the shareholders of Meta to nominate at least five candidates for election to the Board; and (3) a proposal to ensure the establishment of effective oversight of compliance with applicable laws, rules, and regulations.

    e) Awarding Meta restitution from the Individual Defendants, and each of them;

    f) Awarding Plaintiff the costs and disbursements of this Derivative Action, including reasonable attorneys' and experts' fees, costs, and expenses; and

    g) Granting such other and further relief as the Court may deem just and proper.

Defendants deny that Plaintiff is entitled to the relief sought.

**11. SETTLEMENT AND ADR**

The Parties have not engaged in settlement discussions. The Parties may revisit the question of ADR after the stay is lifted.

**12. OTHER REFERENCES**

The Parties agree that the case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**13. NARROWING OF ISSUES**

Defendants believe that it is premature to discuss narrowing of issues given the stay in place in this action and that a continued stay of the action pursuant to ECF No. 45 is appropriate. Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of

whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of the Parties discussion on narrowing of issues.

**14.  EXPEDITED TRIAL PROCEDURE**

The Parties do not believe that this is the type of case that can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

**15.  SCHEDULING**

Defendants believe that it is premature to discuss or propose dates for the designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, or any trial given the stay in place in this action.  Defendants believe that a continued stay of the action pursuant to ECF No. 45 is appropriate.  Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of the Parties' proposal of dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference, and trial.

**16.  TRIAL**

Whether the case will be tried to a jury or to the Court and the venue of any trial is to be determined.  Defendants believe that it is premature to discuss the length of any trial given the stay in place in this action.  Plaintiff believes that the Court should require Defendants to challenge Plaintiff's allegations in the Derivative Action now, that the stay of this Derivative Action should be lifted, as the issue of whether the case should be stayed is subject to the Court's discretion, thus minimizing any delay of the Parties' discussion of the length of trial.

**17.  DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The Individual Defendants filed their Certification of Interested Entities or Persons on March 7, 2022, which stated that as of that date, "other than the named parties, there is no such interest to report." ECF No. 14.

**18.  PROFESSIONAL CONDUCT**

The attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

| | | |
|---|---|---|
| 1 | Dated: May 31, 2023 | Respectfully submitted, |
| 2 | | **THE ROSEN LAW FIRM, P.A.** |
| 3 | | |
| 4 | | */s/ Laurence M. Rosen* |
| | | Laurence M. Rosen (SBN 219683) |
| 5 | | 355 South Grand Avenue, Suite 2450 |
| | | Los Angeles, CA 90071 |
| 6 | | Telephone: (213) 785-2610 |
| | | Facsimile: (213) 226-4684 |
| 7 | | Email: lrosen@rosenlegal.com |
| 8 | | **THE BROWN LAW FIRM, P.C.** |
| 9 | | */s/ Robert C. Moest* |
| 10 | | Robert C. Moest, Of Counsel, SBN 62166 |
| | | 2530 Wilshire Boulevard, Second Floor |
| 11 | | Santa Monica, California 90403 |
| | | Telephone: (310) 915-6628 |
| 12 | | Facsimile: (310) 915-9897 |
| | | Email: RMoest@aol.com |
| 13 | | |
| 14 | | **THE BROWN LAW FIRM, P.C.** |
| | | Timothy Brown |
| 15 | | 767 Third Avenue, Suite 2501 |
| | | New York, NY 10017 |
| 16 | | Telephone: (516) 922-5427 |
| | | Facsimile: (516) 344-6204 |
| 17 | | Email: tbrown@thebrownlawfirm.net |
| 18 | | |
| | | *Counsel for Plaintiff Hugues Gervat* |
| 19 | | |
| 20 | | and |
| 21 | | |
| 22 | | |
| 23 | | **DAVIS POLK & WARDWELL LLP** |
| 24 | | */s/ Charles S. Duggan* |
| | | Charles S. Duggan |
| 25 | | |
| 26 | | Neal A. Potischman (SBN 254862) |
| | | 1600 El Camino Real |
| 27 | | Menlo Park, California 94025 |
| | | Telephone: (650) 752-2000 |
| 28 | | Facsimile: (650) 752-2111 |
| | | Email: neal.potischman@davispolk.com |

James P. Rouhandeh
Charles S. Duggan
(admitted pro hac vice)
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5800
Email: james.rouhandeh@davispolk.com
 charles.duggan@davispolk.com

ROSS ARONSTAM & MORITZ LLP

David E. Ross
(admitted pro hac vice)
Ross Aronstam & Moritz LLP
100 S. West Street, Suite 400
Wilmington, Delaware 19801
Telephone: (302) 576-1602
Facsimile: (302) 576-1100
Email: dross@ramllp.com

*Counsel for Defendants Mark Zuckerberg, David M. Wehner, Nick Clegg, Peggy Alford, Marc L. Andreessen, Erskine B. Bowles, Susan D. Desmond-Hellmann, Reed Hastings, Andrew W. Houston, Nancy Killefer, Robert M. Kimmitt, Sheryl K. Sandberg, Peter Thiel, and Tracey T. Travis and Nominal Defendant Meta Platforms, Inc.*

**ECF ATTESTATION**

I, Charles S. Duggan, am the ECF User whose identification and password are being used to file this foregoing Joint Case Management Statement. In compliance with. LR 5.1(i)(3), I hereby attest that the above-identified counsel concurred in this filing.

Dated: May 31, 2023                                             By: Charles S. Duggan